

The following constitutes the order of the Court.
Signed: December 21, 2018

_____
**Charles Novack**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>KIERON PIERRE MARCEL WIRTZ,<br><br>Debtor. | Case No. 17-10532 CN<br>Chapter 7<br><br>**ORDER AFTER HEARING ON DEBTOR'S MOTION TO COMPEL** |

    On December 19, 2018, the court conducted a hearing on Debtor Kieron Pierre Marcel Wirtz's ("Wirtz") motion to compel ("Motion") his former attorney Kent Bulloch ("Bulloch") to turn over Wirtz's case file for this bankruptcy. Wirtz appeared through counsel. Bulloch did not appear. No opposition to the Motion has been filed. Although the Motion requests sanctions against Bulloch, Wirtz's counsel represented that Wirtz is no longer seeking sanctions. Wirtz's supplemental brief (Docket #75, filed 11/20/2018) clarifies that Wirtz is seeking specific documents including Bulloch's retainer agreement, Wirtz's tax returns, Wirtz's original bankruptcy petition, and email communications from Bulloch's law office to Wirtz and the Trustee.

    California law provides that "it is an attorney's duty to provide copies to the client of certain documents under time limits and as prescribed in a rule of professional conduct which the board [of trustees of the state bar] shall adopt." Cal. Bus & Prof Code §6068(n). California Rule of Professional Conduct 1.16 – which replaces former California Rule of Professional Conduct 3-700 –

1

ORDER AFTER HEARING

provides: "Upon the termination of a representation for any reason: (1) subject to any applicable protective order, non-disclosure agreement, statute or regulation, the lawyer promptly shall release to the client, at the request of the client, all client materials and property. 'Client materials and property' includes correspondence, pleadings, deposition transcripts, experts' reports and other writings,* exhibits, and physical evidence, whether in tangible, electronic or other form, and other items reasonably* necessary to the client's representation, whether the client has paid for them or not." Cal. R. Prof. Conduct 1.16(e). This rule keeps the provisions of former Rule 3-700(D)(1) in effect. *See* Executive Summary, New Rule of Professional Conduct 1.16. The court has an obligation to see that attorneys practicing before it comply with applicable rules and standards of professional conduct. *See* Civil L.R. 11-4, incorporated in this proceeding by B.L.R. 1001-2(a). Good cause appearing,

**IT IS HEREBY ORDERED** that the Motion is granted as to the documents described in Wirtz's supplemental brief. Bulloch shall provide Wirtz's current counsel with the requested documents by **January 4, 2019**. If Bulloch cannot produce the requested documents, he must file and serve a declaration attesting that the requested documents do not exist or explaining why their production is not possible. Any declaration must be filed by the January 4, 2019 deadline. Failure to timely comply with this order will result in the court issuing an order to show cause why Bulloch should not be ordered to pay sanctions.

**\* \* \* END OF ORDER \* \* \***

Case No. 17-10532

**COURT SERVICE LIST**

Kieron Pierre Marcel Wirtz
410 Richardo Ave.
Santa Rosa, CA 95407

Other recipients are ECF participants